THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Robert Watkins, Appellant.
 
 
 
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-091
 Submitted February 1, 2011  Filed March 8,
2011    

REVERSED

 
 
 
 Appellate Defender Elizabeth
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; and Solicitor Robert M. Arial, of Greenville, for Respondent.
 
 
 

PER CURIAM: Robert
 Watkins appeals his convictions for armed robbery and possession of a weapon
 during the commission of a violent crime.  His trial resulted from a grant of
 post-conviction relief (PCR) by the South Carolina Supreme Court.  The judge of
 that new trial was the same judge who presided over Watkins's PCR hearing.  On
 appeal from the new trial, Watkins argues the trial judge erred in (1) denying
 Watkins's recusal motion and (2) granting Watkins's motion to proceed pro se. 
 We reverse.[1]
Generally, "[a]
 judge shall disqualify himself or herself in a proceeding in which the judge's
 impartiality might reasonably be questioned . . . ."  Canon 3(E)(1), CJC, Rule
 501, SCACR.  In Floyd v. State, 303 S.C. 298, 400 S.E.2d 145 (1991), the South Carolina Supreme Court granted a defendant a
 new PCR hearing because the judge who presided over his PCR hearing also
 presided over the trial from which PCR was sought.  Id. at 299, 400
 S.E.2d at 146.  The court held that "in all [PCR] hearings . . . , a judge shall, upon
 motion, recuse himself if he was the judge who presided at the guilty plea,
 criminal trial, or probation revocation proceeding for which relief is being
 sought."  Id.  The Floyd court emphasized that "a per se rule of
 recusal . . . will eliminate even the suggestion of partiality."  Id.
Here, we find Floyd's
 reasoning is equally applicable to the situation presented by Watkins's new
 trial.  As held in Floyd, a judge must grant a recusal motion made
 during a new trial arising from a PCR hearing in which the judge also
 sat.  Accordingly, the trial judge erred in denying Watkins's motion for recusal.
Because we reverse the trial
 court on the above issue, we do not address Watkins's remaining argument.  See State v. Taylor,
 388 S.C. 101, 124 n.23, 694 S.E.2d 60, 72 n.23 (Ct. App. 2010) (holding that an
 appellate court need not address remaining issues when a decision on a prior
 issue is dispositive).  
REVERSED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.